THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: October 9, 2015



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Elda C. Romero and
Luis Romero-Banda
        Debtors.

Chapter 13
Case No. 15-26763-svk

**DECISION AND ORDER
SUSTAINING WELLS FARGO'S OBJECTION TO CONFIRMATION**

      Under Bankruptcy Code § 1325(a)(5)(B)(iii)(I), the holders of certain secured claims are entitled to receive "equal monthly payments." Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo") holds such a claim. The Debtors' Chapter 13 plan proposes to pay post-confirmation adequate protection payments to Wells Fargo until the Debtors' attorney's fees are paid in full and then to begin higher payments until Wells Fargo's claim is paid in full. Wells Fargo objected to confirmation citing § 1325(a)(5)(B)(iii)'s equal monthly payment requirement.

      The Debtors' first plan provided that the Debtors' attorney's fees would be paid concurrently with the secured creditors until the attorney's fees were paid in full. (ECF No. 3.) Wells Fargo objected and argued that the reduced payments it would receive during the period

the Debtors' attorney's fees were being paid violated the equal monthly payments requirement of Bankruptcy Code § 1325(a)(5)(B)(iii)(I). (ECF No. 17.) Although the Debtors modified the plan, the proposed modification still contemplated paying attorney's fees pro rata with secured creditors. (ECF No. 28 at 3.) Wells Fargo renewed its objection. (ECF No. 32.) The Court held a hearing and took the matter under advisement. (ECF No. 36.) On August 20, 2015, Wells Fargo filed a brief in support of its position, and on August 21, 2015, the Debtors filed another proposed plan modification. (ECF Nos. 37, 38.) This modified plan proposed paying Wells Fargo adequate protection payments of $75 per month until the Debtors' attorney's fees were paid in full and then beginning equal monthly payments of $122 until Wells Fargo's claim was paid in full. (ECF No. 38 at 4.) Wells Fargo supplemented its brief, contending that the uneven payments violate § 1325(a)(5)(B)(iii)(I)'s requirement for equal monthly payments. (ECF Nos. 40, 41.)

## ANALYSIS

This Court has issued two decisions interpreting the equal monthly payments requirement, although the issue in the prior cases involved balloon payments, not a delayed start to the secured creditor's equal payments. *See In re Ehiorobo*, No. 13-24713, 2015 Bankr. LEXIS 281 (Bankr. E.D. Wis. Jan. 29, 2015), *aff'd*, *Ehiorobo v. Talmer Bank and Tr.*, No. 15-C-0169, 2015 U.S. Dist. LEXIS 83279 (E.D. Wis. June 26, 2015); *In re Luckett*, No. 07-24706, 2007 Bankr. LEXIS 3638 (Bankr. E.D. Wis. Oct. 24, 2007). While courts are virtually unanimous in rejecting balloon payments, when addressing the specific wrinkle in this case, bankruptcy courts have split.

A strong contingent of courts has interpreted § 1325(a)(5)(B)(iii) to permit priority claims to be paid prior to or concurrently with secured claims, even if the result is that the early

2

payments on the secured claims are thereby rendered unequal to the later payments. *See, e.g., In re DeSardi*, 340 B.R. 790 (Bankr. S.D. Tex. 2006); *In re Erwin*, 376 B.R. 897 (Bankr. C.D. Ill. 2007); *In re Hill*, 397 B.R. 259 (Bankr. M.D.N.C. 2006); *In re Butler*, 403 B.R. 5 (Bankr. W.D. Ark. 2009). These courts use various rationales to reach their conclusion. In *DeSardi*, the court held that payments to secured creditors do not have to begin with the trustee's first distribution under the plan because "the equal payment provision does not state that its requirements must be met beginning in month one of the plan" and contrasted this lack of specificity with 11 U.S.C. § 1325(a)(5)(B)(ii), which mentions a specific time - the "effective date of the plan." *DeSardi*, 340 B.R. at 805. This position has been widely criticized. *See, e.g., In re Sanchez*, 384 B.R. 574, 579 (Bankr. D. Or. 2008) (labelling this approach "strained").

In *Erwin*, the bankruptcy court explained the problems that the equal payments provision was enacted to remedy and found that as long as the debtor's payments to the trustee were equal, and did not involve a balloon, step-up, or seasonal skip, the trustee's distribution of the payments pro rata with priority claims did not violate the equal monthly payments provision. *Erwin*, 376 B.R. at 902-03.

The Court appreciates the policy reasons cited by the *Erwin* court and recognizes the quandary that debtors and their attorneys face when the equal payments requirement is interpreted to prohibit the long-standing practice in this District of paying the debtor's attorney's fees pro rata with secured creditors. But the statute permits no other interpretation. The equal monthly payments required by the Bankruptcy Code are not those made to the trustee, but rather to the creditor. As Judge Halfenger recently noted in *In re Enders*, Case No. 15-21737, 2015 Bankr. LEXIS 3415 (Bankr. E.D. Wis. Sept. 30, 2015),

> Section 1325(a)(5)(B)(iii)(I) states, '*if . . . property to be distributed pursuant to this subsection* is in the form of periodic payments, *such payments* shall be in *equal*

3

> *monthly amounts*.' (emphasis added). The payments required to be in equal monthly amounts are 'periodic payments' of 'property to be distributed pursuant to this subsection'. '[P]roperty to be distributed pursuant to this subsection 'cannot be understood to mean the debtor's payments to the trustee.

*Enders*, 2015 Bankr. LEXIS 3415 at *3 (internal citations omitted).

Since the periodic payments to the secured creditor must be equal, unless the creditor consents, payment of attorney's fees "pro rata" with the secured creditor invariably will violate the equal payment requirement. In order to accomplish payment of priority attorneys' fees without running afoul of the requirement, one court has suggested: "[D]ebtors could propose to pay creditors not less than a set amount every month, so long as that amount is sufficient to provide the creditor adequate protection." *In re Willis*, 460 B.R. 784, 792 (Bankr. D. Kan. 2011).

The *Erwin* court also reasoned that the trustee could distribute the property in uneven amounts in recognition of the special treatment afforded priority claims in Bankruptcy Code § 1326(b). *Erwin*, 376 B.R. at 902-03. But that section merely contemplates that priority claims such as attorney's fees may be paid concurrently with non-priority claims. *See In re Kirk*, 465 B.R. 300, 307 (Bankr. N.D. Ala. 2012) (§ 1326 does not require payment of administrative claims in full prior to non-administrative claims). The court in *Kirk* explained that if a plan proposes to pay debtor's attorney fees pursuant to § 1326(b)(1), "those payments may be paid contemporaneously with payments to secured creditors, but the plan should be structured so that payments to the attorney neither reduce nor delay the required equal monthly payments to secured claimholders." *Id.* at 308. *See also In re Sanchez*, 384 B.R. at 579 n. 11 ("If the creditor objects to stepped payments, debtors are not precluded from making room for payment of attorney's fees by modifying the plan to amortize the secured claim at a lower (but equal) monthly payment over a longer period. All that is required under § 1325(a)(5)(B)(iii) is that the

4

Case 15-26763-beh    Doc 42    Filed 10/09/15    Page 4 of 5

proposed equal monthly payments pay the secured claim and be sufficient to adequately protect the creditor's interest.")

Since the plan in this case proposes to pay Wells Fargo's claim a smaller payment until the Debtors' attorney's fees are paid in full, Wells Fargo will not receive equal monthly payments.  Wells Fargo has not consented to this treatment, and the plan does not comply with the requirements of § 1325(a)(5)(B)(iii).  Accordingly, confirmation must be denied.

IT IS THEREFORE ORDERED:  Wells Fargo's objection to confirmation of the Debtors' Plan is sustained.  The Debtors must file an amended Plan within 30 days of this order.

#####